**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| GRAY MANUFACTURING COMPANY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:09-cv-06024-HFS |
| STERTIL B.V. and STERTIL-KONI U.S.A., INC., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING REEXAMINATION OF U.S. PATENT NOS. 6,634,461 AND 7,014,012**

**TABLE OF CONTENTS**

I. THE TRIAL COURT HAS BROAD DISCRETION IN DETERMINING WHETHER TO GRANT OR DENY A STAY OF LITIGATION PENDING REEXAMINATION ...1

II. DEFENDANTS' MOTION SHOULD BE DENIED AS UNSUPPORTED .......................2

III. DEFENDANTS' MOTION FOR STAY IS PREMATURE; UNLESS AND UNTIL THE PTO GRANTS THEIR REQUESTS, A STAY SHOULD BE DENIED, PARTICULARLY SINCE THEY ARE UNLIKELY TO BE GRANTED. ........................3

   A. Background of PTO Determinations Regarding the '461 Patent .................................3

   B. Background of the '012 Patent ........................................................................5

IV. PLAINTIFF WILL SUFFER IRREPARABLE PREJUDICE IF LITIGATION IS STAYED ..............................................................................................................5

   A. A Stay Pending the PTO's Reexamination Will Unreasonably Delay This Litigation for Several Years ..................................................................5

   B. A Delay of Litigation Pending Reexamination Will Cause Irreparable Harm to Plaintiff ..................................................................................................9

**V. A STAY OF THIS LITIGATION WOULD NOT SERVE THE INTEREST OF SIMPLIFYING THE ISSUES IN QUESTION.......................................................................11**

**VI. THE FACT THAT LITIGATION IS IN ITS EARLY STAGES DOES NOT WEIGH IN FAVOR OF A STAY WHERE THE PARTIES HAVE ALREADY INCURRED SUBSTANTIAL COSTS FROM PRE-LITIGATION ACTIVITIES ...............................14**

Plaintiff Gray Manufacturing Company, Inc. respectfully requests this Court to deny Defendants' motion to stay this litigation pending reexamination of the Plaintiff's U.S. Patent 6,634,461 (the '461 Patent) and U.S. Patent 7,014,012 (the '012 Patent). (Dkt. 21) Procedurally, Defendants' motion should be denied because it is unsupported. They have not provided any affidavit or other evidence showing that requests for reexamination of these patents were actually filed in the Patent Office ("PTO"). Moreover, Defendants' motion is premature unless and until the PTO actually grants their requests, an unlikely event in this case because the PTO has already, at Defendants' request, reexamined Plaintiff's '461 Patent and found that at least one claim of Plaintiff's '461 Patent is allowed. Still further, Plaintiff will be substantially prejudiced and irreparably harmed by the two- to four-year delay that Defendants are, in effect, requesting. This lengthy delay deprives Plaintiff of the enforcement of its valid patents to which it is entitled, while these foreign Defendants continue to import their infringing product into the United States to unlawfully compete with Plaintiff and usurp its market, contributing to cause the loss of manufacturing jobs in Missouri.

**I.      THE TRIAL COURT HAS BROAD DISCRETION IN DETERMINING WHETHER TO GRANT OR DENY A STAY OF LITIGATION PENDING REEXAMINATION**

"Courts are not required to stay judicial proceedings pending re-examination of a patent." *Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 WL 4452118, *2 (N.D. Cal. Oct. 3, 2008). Although there is a liberal policy favoring the grant of a stay, "[t]here is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Id.* (citation omitted).

Courts generally consider three factors in determining whether to grant a stay: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (citations omitted). Plaintiff will discuss each of these factors in reverse order, since, Plaintiff submits, prejudice to the non-moving party should be the overriding consideration. Before turning to these three factors, however, Plaintiff first addresses two threshold reasons to deny Defendants' motion.

## II.   DEFENDANTS' MOTION SHOULD BE DENIED AS UNSUPPORTED

Defendants' motion for a stay is premised upon their allegation that they requested the PTO to reexamine Plaintiff's Patent Nos. '461 and '012. But Defendants have failed to show that they, in fact, made such requests, either by attaching a copy of the requests, by affidavit and/or by attaching a Patent Office record of the filings. In fact, no record currently exists on the PTO public access database ("PAIR") that Defendants have submitted a request for reexamination of the '012 Patent. And, while PAIR does reflect that Defendants submitted a request for reexamination of the '461 Patent, that request has not been accorded a filing date because it is "incomplete." (*See* Exhibit 7)  As a general proposition, a motion should not be granted in the absence of some evidence establishing the factual predicate upon which the motion is made.[1]  Even assuming Defendants cure this omission, their motion should be denied on the merits for the following additional reasons.

---

[1] *See, e.g., Price v. Stossel,* 2008 WL 2434137, *3 (S.D.N.Y. June 4, 2008) (refusing to consider factual statements in motion to transfer venue that were not supported by affidavits or other competent evidence); *Falcon Enterprises, Inc. v. Monroe*, 2008 WL 4164596, *2 (M.D. Fla. Sept. 5, 2008) (noting denial of motion for default judgment because the motion was "unsupported by affidavits or other factual matter").

### III. DEFENDANTS' MOTION FOR STAY IS PREMATURE; UNLESS AND UNTIL THE PTO GRANTS THEIR REQUESTS, A STAY SHOULD BE DENIED, PARTICULARLY SINCE THEY ARE UNLIKELY TO BE GRANTED.

Defendants' motion should be denied because it is premature. The PTO has not yet decided whether it will grant either of Defendants' requests and therefore a stay of litigation is properly denied. *See Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 WL 4532565 (N.D. Cal. 2008) (denying stay of litigation where the PTO had not yet granted defendant's request for reexamination). Litigation should not be stayed based on nothing more than the mere *possibility* that the PTO may, in two to three months,[2] decide to start a new reexamination proceeding. Unless and until the PTO grants a request for reexamination, this litigation should proceed so as not to further delay Plaintiff's day in court and the relief to which it is entitled.

In fact, Plaintiffs submit, it is highly unlikely the PTO will ultimately grant Defendant's request for reexamination of the '461 Patent. This is because, as shown below, Defendants previously requested the PTO to reexamine that patent and, in a subsequent Official Action, the PTO has determined that Claim 46 of the '461 Patent is allowed. Indeed, Defendants have admitted that "claim 46 is presently valid . . . ." (*See* Dkt. 22, p. 6) Given the PTO's finding, and because Defendants have not presented any new material that would change this result, there is a strong probability that PTO will ultimately rule that Claim 46, at least, of the '461 Patent is valid, and deny Defendants' latest attempt for yet another reexamination of the same patent.

#### A. Background of PTO Determinations Regarding the '461 Patent

On October 21, 2003, U.S. Patent No. 6,634,461 (the '461 Patent) was issued to Gray Automotive Products, Inc. (now Gray Manufacturing Company, Inc.) for its wireless Coordinated Lift System. (*See, e.g.,* Exhibit 6, p. 3)

---

[2] It took three months for the PTO to grant Defendants' prior request for reexamination of Plaintiff's '461 Patent.

On August 4, 2005, Plaintiff filed an Application for Reissue with the PTO, in order to submit for PTO review additional prior art and to amend Claim 43 of the '461 Patent. *See* Complaint, ¶ 25. That proceeding was assigned Reissue Serial No. 11/197,724, and now, nearly four years later, is still awaiting final disposition by the PTO.

In the meantime, over three years ago, on May 4, 2006, Defendants submitted a Request for Ex Parte Reexamination of the '461 Patent. (Exhibit 1) That request was granted three months later (July 31, 2006), and a reexamination proceeding was instituted under Control No. 90/008,054. (Exhibit 3) The PTO merged the reissue and reexamination proceedings under Serial No. 11/197,724.

In an Office Action dated December 29, 2008, relating to the merged reissue/reexamination proceeding, the PTO rejected certain claims of the '461 Patent but, importantly, stated that "Claim 46 is allowed," *i.e.,* is patentable. (Exhibit 4). On April 29, 2009, Plaintiff filed its response to the December Office Action, offering amendments to the rejected claims and responsive arguments. And still today, this merged reissue/reexamination drags on into its fourth year pending before the PTO, in derogation of its self-proclaimed standard of completing reexamination with "special dispatch."

Defendants have now submitted a *second* request for reexamination of the '461 Patent (the "Second Request"). (Exhibit 6) And, as with the Defendants' first request for reexamination of that patent, the Defendants have filed an incomplete request, thus further increasing the time until the PTO can render its decision on whether to institute the proceeding. (*See* Exhibit 7) The prior art upon which Defendants' Second Request is based is identical to the prior art in the currently pending reexamination except for the addition of two of Defendant's product manuals - Exhibits F and G. These product manuals are for Defendant's *wired* lifting

device, which is the device described in U.S. Patent No. 6,315,079 (the Berends '079 Patent). (Exhibit 9) The Berends '079 Patent was reviewed by the PTO examiner in the course of preparing his Office Action dated 12/29/2008, which upheld Claim 46. *See* IDS, dated 12/19/2008 (Exhibit 5). So, the Defendants actually have offered no new prior art for the PTO to consider in this new request for reexamination of the Plaintiff's '461 Patent.

### B. Background of the '012 Patent

Plaintiff is the owner of U.S. Patent No. 7,014,012, which was issued for Plaintiff's "Coordinated Lift System" on August 5, 2003. (*See* Exhibit 8, p. 3) Defendants claim that they have submitted to the PTO a request for reexamination of the '012 Patent. Although Defendants have served on Plaintiff a copy of a request for reexamination of the '012 Patent, dated July 9, 2009 (*see* Exhibit 8), there is no record in PAIR as of the date of this response that such a request has been submitted, let alone accepted for filing by the PTO. And, accordingly, the PTO has made no determination to whether such request will be granted.

Accordingly, Plaintiff submits at the very least the motion to stay should be denied without prejudice to refilling, if the PTO grants Defendants requests' for reexamination.

## IV. PLAINTIFF WILL SUFFER IRREPARABLE PREJUDICE IF LITIGATION IS STAYED

### A. A Stay Pending the PTO's Reexamination Will Unreasonably Delay This Litigation for Several Years

If a stay were granted pending reexamination, it would delay this litigation for more than two years and likely four years, and that lengthy delay does not include any additional delay for subsequent appeals. Though the PTO is required by statute to use "special dispatch" to resolve reexaminations,[3] the recent statistics from the PTO's office reflect that the <u>average</u> time for

---

[3] 35 U.S.C. § 305.

resolution of such proceedings (excluding appeals) is 2 ½ to 3 years.[4]  But, as shown above, the current reexamination of the '461 Patent filed by the Defendants now is well into its fourth year.  If the PTO were to grant Defendants' Second Request, the Plaintiff will be subjected to an unreasonable additional delay of three more years, until at least 2012, assuming no appeals, before this court can take up the infringement of Plaintiff's allowed Claim 46 of the '461 Patent.

While some courts have held that the delay engendered by a pending reexamination procedure is not unduly prejudicial, a different result is reached where, as here, the PTO has not yet even granted Defendants' requests for reexamination.  Where the PTO has not agreed to reexamine a patent, any delay *is* unduly prejudicial.  *See Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 WL 4532565 (N.D. Cal. 2008).

Moreover, a stay should be refused when, as here, there is "some dilatory tactical motive behind it."  *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999).  As alleged in Plaintiff's Complaint, Defendants are instituting requests for reexamination in order to extort Plaintiff into granting Defendants a license to manufacture products covered by the patent.  Indeed, Defendants effectively acknowledged the validity of Plaintiff's '461 patent when they requested Plaintiff to grant them a license to manufacture products covered by that patent.  (*See* Complaint, ¶¶ 18-20)  When Plaintiff declined to do so, Defendants threatened to contest Plaintiff's patent rights unless Plaintiff granted them a license agreement (*see* Complaint, ¶ 21), which is exactly what Defendants are doing now with their repeated requests for reexamination.

That Defendants' present requests for reexamination are nothing more than another delay tactic is made clear by their failure to comply with even the most basic of requirements necessary

---

[4] In Fiscal Year 2009, the <u>average</u> time from filing of an ex parte request for reexamination until the issuance of a certificate was 32.3 months; in 2008, it was 32.9 months, and in 2007 it was 39.9 months.  *See* Exhibit 10.

for the PTO to process their request for reexamination of the '461 Patent, which are listed by the PTO in its "Notice of Failure to Comply with Ex Parte Reexamination Request Filing Requirements." (*See* Exhibit 11). These multiple, facial deficiencies indicate a lack of a good faith in filing a request for reexamination.

Further, Defendants' Second Request adds nothing materially different than their first, pending request. The only new "prior art" Defendants submitted is Exhibits F and G, two product manuals for Defendants' infringing product. (*See* Ex. 6, p. 2) But those manuals only provide, in a different form, material that previously was considered by the PTO. The manuals merely describe Defendants' wired lift device that was the subject of the Defendant's own patent, the Berends Pat. No. 6,315,079 (the Berends '079 Patent). The PTO examiner has already reviewed the Berends '079 Patent in preparing his Office Action dated 12/29/2008 (Ex. 9) and, notwithstanding the Berends Patent, upheld Plaintiff's Claim 46 and determined it to be "allowed." (*See* Exhibit 4) Defendants' delayed submission of the product manuals for the wired lift device described in Berends '079 Patent does not change the equation. If the patent for Defendants' wired lift device is itself insufficient to invalidate Plaintiffs' patent, then the *product manuals* for that same device are likewise insufficient to invalidate Plaintiffs' patent.

Moreover, Defendants obviously knew of the existence of Exhibits F and G when they filed their first request for reexamination in 2006, but failed to submit them. By Defendants' own admission, Exhibits F and G were published in 1997 and 1999, respectively – 7 years or more before they filed their first request for reexamination. (*See* Exhibit 6, p. 2) Even more telling of their dilatory conduct is that Defendants could have sought re-examination on the basis of Exhibits F and G before this suit was even filed. Instead, they waited until after receiving a decision adverse to their position (the PTO's December 2008 Office Action allowing Claim 46)

– and more specifically, 7 months *after* that decision – before filing new requests for reexamination based on these ten-year-old materials. *See Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 WL 4452118, *3 (N.D. Cal. Oct. 3, 2008) (where defendant was aware of prior art but did not file a request for reexamination based thereon until after plaintiff filed suit was factor weighing against stay); *Bartex Research, LLC v. FedEx Corp.,* 611 F. Supp. 2d 647, 653-54 (E.D. Tex. 2009) (holding that defendant failed to act with diligence in seeking reexamination and stay where it delayed seeking reexamination and stay until 1-1/2 years after being accused of infringement). Defendants should be estopped or barred by laches from belatedly relying on those materials now.

As still further evidence of Defendants' attempt to delay the litigation of this matter is the fact that the Second Request was "incomplete." Defendants well know, since they also filed an incomplete application in May 2006 (Exhibit 2), that the PTO will not take action on a request for reexamination until it is complete. Thus, the three-month period for the PTO to decide whether to grant reexamination does not even begin to run until Defendants first complete their application.

Likewise, the three-month period for the PTO to decide whether to grant reexamination has not even begun to run with respect to Defendants' Request for Reexamination of the '012 Patent. Indeed, there is no record that any request has even been submitted to the PTO. And if and when it is submitted, that request might suffer from the same incompleteness as Defendants' request with respect to the '461 Patent, thereby further delaying any decision whether to grant such request.

Defendants' pattern of filing incomplete and serial applications for reexamination, thereby creating an even longer delay of this litigation, warrants denial of their motion for stay,

at the very least unless and until the PTO actually grants a request (a speculative and unlikely event). *See Lifeline Tech., Inc. v. Archer Daniels Midland Co.,* 2009 WL 995482 (E.D. Mo. Apr. 14, 2009) (granting stay but cautioning that court "would not be inclined to look favorably" continuing the stay if the defendant filed a second request for reexamination).

### B. A Delay of Litigation Pending Reexamination Will Cause Irreparable Harm to Plaintiff

Plaintiff will suffer irreparable harm if a stay of this litigation is granted. Defendants are direct competitors of Plaintiff who have been and will continue to infringe on Plaintiff's valid patent rights until this matter is resolved. The parties' dispute in this case began in Spring 2005 and has already been ongoing for over *four years*. (*See* Complaint, ¶¶ 19-27) As shown above, if the PTO grants Defendants' requests for reexamination, it will likely be at least *three more years* before the PTO makes its determination. Assuming no appeal is taken of that determination, it will likely be another *two years* for discovery in this litigation and to obtain a trial date. All told, Plaintiff is facing nearly *ten years* of unfettered competition from Defendants before it can obtain relief against Defendant's unlawful infringement – half of the life of Plaintiff's patents.

Stertil B.V. is a foreign (Netherlands) corporation; if a stay is granted, it will continue, unrestrained, to import its infringing product into the United States, stealing Plaintiff's customers and market in the United States, and causing further job losses in St. Joseph, Missouri. No money damages can possibly fully compensate Plaintiff for the loss of the exclusive market to which it is entitled by virtue of its valid patent rights. As one court stated in denying a stay in a similar situation, "[t]he parties are direct competitors in the market and a denial of timely enforcement of the plaintiff's patent rights does indeed unduly prejudice the plaintiff." *O2 Micro Internat'l Ltd. v. Beyond Innovation Technology Co., Ltd.,* 2008 WL 4809093, *2 (E.D.

Tex. Oct. 29, 2008); *see also Tesco Corp v. Weatherford Internat'l, Inc.,* 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) ("[w]here the parties are direct competitors, a stay would likely prejudice the non-movant.") (citations omitted).  And, as other courts have recognized, money damages against an infringer for lost profits may not fully compensate a plaintiff for a lengthy delay. "The right to exclude . . . may be the only way to fully vindicate the patentee's ownership in the patent." *Bartex Research, LLC v. FedEx Corp.,* 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009) (citations omitted).

Moreover, during the ten-year delay to trial that Plaintiff is facing if a stay were granted, evidence is likely to be lost, and witnesses may die, relocate or their memories may fade. *See Tesco Corp,* 599 F. Supp. 2d at 851-52 (finding that such prejudice outweighs the fact that the plaintiff may be able to recover money damages from lost market share); *Fresenius Med. Care Holdings, Inc. v. Baxter Internat'l, Inc.,* 2007 WL 1655625 (N.D. Cal. June 7, 2007) (holding that delay during which evidence may be lost and witnesses' memories may fade is a factor weighing "heavily" against a stay.); *Bartex Research,* 611 F. Supp. 2d at 651-52 ("extreme delay" of 6.5 years during which "witnesses could become unavailable, their memories may fade, and evidence may be lost," which was exacerbated by defendant's delay in requesting reexamination, weighed against granting a stay).  Money damages cannot make Plaintiff whole if critical witnesses and/or documentary evidence are lost as a result of the lengthy delay that will result if Defendants' requested stay is granted.  Ultimately, no money paid by Defendants to Plaintiff will compensate those people of St. Joseph, Missouri who now have lost, or will lose, their jobs due, at least in part, to the Defendants' infringing activities.  It is only this Court, not the Patent Office, that can timely act to stave off the mounting economic hardships to the people of Missouri caused by the Defendants' infringement.

And, in this particularly troubled economic time, one or both of the parties may go out of business. If, due to Defendants' competition in an already weak economic climate, Plaintiff went out of business, it would effectively lose the value of its patent rights. If Defendants went out of business, Plaintiff would lose the source to collect any money judgment it might obtain for years of Defendants' infringement. The irreparable prejudice to Plaintiff from a delay of litigation warrants denial of Defendants' requested stay.

## V. A STAY OF THIS LITIGATION WOULD NOT SERVE THE INTEREST OF SIMPLIFYING THE ISSUES IN QUESTION

Defendants argue that a stay would serve the interests of judicial economy in that the PTO will narrow or resolve the issues. They claim that in 75% of ex parte reexamination proceedings the claims are either amended or cancelled. But that statistic simply does not hold water here, where the '461 Patent has already undergone scrutiny by the PTO and survived.

"[A] court is under no obligation to delay is own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *See Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 WL 4452118, *2 (N.D. Cal. Oct. 3, 2008). As one court stated, reexamination would simplify a case only "if the PTO finds that *all* allegedly infringed claims of any of the patents are cancelled." *Soverain Software LLC v. Amazon.com, Inc.* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (emphasis added). But, it noted, that happens in only 12% of the cases. *Id*. It held that the mere fact that the PTO may amend some claims does not warrant staying the litigation. The court reasoned that if it adopted a *per se* rule that patent cases should be stayed during reexamination, it would not "promote the efficient and timely resolution of patent cases," but rather it "would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Id*. at 662-63. "[T]he interests of justice will be better served by dealing with that contingency [the possibility of amended claims]

when and if it occurs, rather than putting [the litigation] indefinitely on hold." *Id*. at 662. As the court wisely stated, "[f]irm trial settings resolve cases and reduce litigation costs." *Id*.

So, too, in this case, the PTO has already determined that Claim 46 of the '461 Patent is allowed. As a result, this is not one of the cases in which all of the claims will be resolved by the PTO. Litigation cannot be avoided; it will be necessary to have a judicial determination of the parties' dispute concerning the '461 Patent.

And, because the subject matter of the '461 Patent and '012 Patent is so similar, the scope of discovery and the evidence at trial will be virtually identical for both patents. Therefore, even in the unlikely event the PTO were to grant re-examination of the '012 Patent, this litigation should not be stayed pending that examination; rather Plaintiff should be allowed to proceed to trial on both patents at the same time. First, it would be extraordinarily unfair to Plaintiff to have to wait three to four more years to enforce its rights with respect to the '461 Patent when the PTO has already determined that Claim 46 is allowed. Second, the other option – to bifurcate the litigation as to the '461 and '012 Patents -- would be equally unfair. That option would lead to an unnecessary duplication of discovery and of the trial, in contravention of the policy to conserve judicial resources and limit the parties' expenses of litigation.

Still further, it would be pure speculation as to whether the PTO might cause Plaintiff to amend some of its claims. *See Tesco Corp.,* 599 F. Supp. 2d at 853 ("the speculative nature of which claims will survive reexamination reduces the weight of this factor."); *see also Roy-G-Biv Corp. v. Fanuc Ltd.,* 2009 WL 1080854, *2 (E.D. Tex. 2009) (recognizing that it is "difficult to gauge" the likelihood that any of plaintiff's claims will be cancelled or modified). In *Roy-G-Biv,* the court denied the defendant's request for a stay, stating: "To convince this Court that a stay will actually simplify a case, the requesting party must do more than merely proffer oft-cited

reexamination statistics and generic judicial efficiency arguments. This, Defendants have not done." *Id*. at *2. Defendants' arguments here suffer from the same fatal flaw. Defendants have not shown that it is likely that the PTO will invalidate Plaintiff's patent. To the contrary, they admit that "claim 46 is presently valid . . . ." (Dkt 22, at p. 6) Even if Plaintiff were to amend some claims in response to a PTO communication – a speculative matter at best – the better course is, as the *Soverain* court said, to deal with that contingency if and when it arises.

Moreover, as the *Roy-G-Biv* court noted, "the reexamination process may actually *complicate* a case by creating additional prosecution history estoppel and disavowal arguments that must be addressed during claim construction." *Roy-G-Biv Corp. v. Fanuc Ltd.,* 2009 WL 1080854, *2 (E.D. Tex. 2009) (emphasis added).

Defendants' proffered justification for a stay – that the PTO may simplify the claims to be tried -- is also fallacious for another reason aside from the fact the PTO has already found that Claim 46 is allowed. Because Defendants' requests for reexamination are *ex parte* rather than *inter partes*, Defendants are not estopped from relitigating the issue of the patents' validity after the PTO has issued its final decision. *See Cooper Tech. Co. v. Thomas & Betts Corp.,* 2008 WL 906315, *2 (E.D. Tex. Mar. 31, 2008) (finding that because defendant will not be estopped from arguing the invalidity of a patent after *ex parte* reexamination, it weighs against a stay); *Delta Frangible Ammunition, LLC v. Sinterfire, Inc.,* 2008 WL 4540394 (W.D. Pa. Oct. 7, 2008) (defendant's ability to challenge patent validity coupled with lengthy delay caused by reexamination process and "suspicious timing" of defendant's request for reexamination "weights heavily against granting a stay); *Spa Syspatronic, AG v. Verifone, Inc.,* 2008 WL 18860202, *2 (E.D. Tex. Apr. 25, 2008) (noting that plaintiff will suffer "some prejudice" due to

lack of estoppel effect of *ex parte* reexamination proceeding).[5] In effect, if a stay is granted, the delay of this litigation will all be for naught since, even if Plaintiffs receive a favorable decision from the PTO, they may still be forced to re-litigate the patents' validity.

Under these facts, neither the parties' time and expense, nor judicial resources, will be spared by a stay pending reexamination. The most effective way to reduce the parties' costs and preserve judicial resources is to deny Defendants' requested stay and set a trial date, thereby encouraging the parties to resolve their dispute.

In the alternative, should the Court be inclined to grant Defendants' requested stay, it should contain the condition that Defendants may not contest the validity of any patent claims upheld by the PTO, and may not to file any additional request for reexamination (or that any such request for reexamination must be filed within 90 days). *See Premier Internat'l Assoc., LLC v. Hewlett-Packard Co.,* 554 F. Supp. 2d 717, 725 (E.D. Tex. 2008); *DataTreasury Corp. v. Wells Fargo & Co.,* 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006).

## VI.  THE FACT THAT LITIGATION IS IN ITS EARLY STAGES DOES NOT WEIGH IN FAVOR OF A STAY WHERE THE PARTIES HAVE ALREADY INCURRED SUBSTANTIAL COSTS FROM PRE-LITIGATION ACTIVITIES

The final factor in determining whether to grant a stay is whether discovery is complete and a trial date has been set. *See Tesco Corp.,* 599 F. Supp. 2d at 850. Although this case is in the early stages of litigation in this Court, the dispute concerning this patent has, as was mentioned above, been ongoing for over four years and Plaintiff has incurred substantial expenses outside of litigation defending its patent. Specifically, as a result of Defendants' threats to challenge Plaintiff's patent, Plaintiff filed its own Petition for Reissue of the '461 Patent with the PTO to bolster its claims. (*See* Complaint, ¶¶ 22-25) That proceeding has been pending for

---

[5] *But see Interplast Group, Ltd. v. Coroplast, Inc.,* 2009 WL 1774313, *3 (E.D. Mo. June 23, 2009) (holding that lack of collateral estoppel effect did not warrant denial of stay).

over three years, during which time Plaintiff has incurred significant attorneys' fees and costs in presenting its arguments in support, and in opposing Defendants' first request for reexamination of the '461 patent. For this reason, the final factor also weighs against a stay.

WHEREFORE, Plaintiff Gray Manufacturing Company, Inc. respectfully requests that this Honorable Court deny Defendants' Motion to Stay Proceedings Pending Reexamination of U.S. Patent Nos. 6,634,641 and 7,014,012 in its entirety. Alternatively, the Court should deny Defendants' Motion to Stay Proceedings without prejudice to refiling should the PTO grant Defendants' Requests for Reexamination, which the PTO will likely address within two to three months.[6]

Dated: July 24, 2009

Respectfully submitted,

**POLSINELLI SHUGHART PC**

/s/ *Todd H. Bartels*

| R. Dan Boulware | MO #24289 |
| --- | --- |
| DBoulware@polsinelli.com | |
| Todd H. Bartels | MO #45677 |
| TBartels@polsinelli.com | |
| 3101 Frederick Avenue | |
| St. Joseph, MO 64506 | |
| Phone: (816) 364-2117 | |
| Fax: (816) 279-3977 | |
| | |
| Richard P. Stitt | KS #000488 |
| RStitt@polsinelli.com | |
| 120 West 12th Street | |
| Kansas City, MO 64105 | |
| Phone: (816) 421-3355 | |
| Fax: (816) 374-0509 | |

**ATTORNEYS FOR PLAINTIFF**

---

[6] In the meantime, Plaintiffs submit the Court should enter a scheduling order in this matter.

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) on this 24th day of July, 2009, to:

 Laurence R. Tucker
 Armstrong Teasdale, LLP
 2345 Grand Boulevard, Suite 2000
 Kansas City, MO  64108
 lrtucker@armstrongteasdale.com

 Richard L. Byrne
 Paul M. Reznick
 Kent E. Baldauf, Jr.
 The Webb Law Firm
 700 Koppers Building
 436 Seventh Avenue
 Pittsburgh, PA  15219

 **ATTORNEYS FOR DEFENDANT**
 **STERTIL B.V.**

              /s/ *Todd H. Bartels*
              Attorneys for Plaintiff